RECEIVED
IN ALEXANDRIA, LA
NOV 6 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RONALD E. COLEMAN (#119449) | DOCKET NO. 08-0894; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| KEITH DEVILLE | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. §2241. The petitioner was convicted in Orleans Parish and is confined at J. Levy Dabadie Correctional Center in Pineville, Louisiana. Petitioner seeks release from his "unlawful confinement." [Doc. #1, p.9]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### BACKGROUND

Petitioner has filed several lawsuits in the federal district courts in Louisiana. He was originally convicted of attempted armed robbery and attempted murder in 1985 in Orleans Parish. [Doc. #1, p.15-17] He was sentenced to thirty years at hard labor in the custody of the Louisiana Department of Corrections, without the benefit of parole, probation, or suspension of sentence. Id.

In February 1988, Petitioner chose to sign a contract giving

up his incentive wages in order to receive increased diminution of sentence for good behavior (double "good time credit"). [Coleman v. Louisiana, et al., 3:05-cv-1371 MDLA Doc.#1-4, p.55] Plaintiff was approved for the double "good time" option on July 26, 1988. Id. In June 2001, Petitioner signed another contract that would put him on "good time parole" upon his early release based on good time credits. Id. at 56. Petitioner was then released on "good time parole" later that month.

In December 2001, Petitioner absconded from supervision. [Docket #07-0452 EDLA, Doc.#17, p.1] The parole board issued a fugitive warrant for Petitioner's arrest on January 14, 2002. Id. Petitioner was arrested four years later on April 20, 2005, in Los Angeles, California, where he was using the name "Roger Dale Knapp." [Doc. #1, p.3; also, Docket #07-0452 EDLA, Doc. #1, p.1] He was returned to Louisiana in late April 2005 for a parole revocation hearing. His parole was ultimately revoked, and he was ordered to serve the remainder of his sentence.

Petitioner claims that he was falsely arrested and is being held in violation of the constitution and laws of the State of Louisiana. He claims that he was re-sentenced by the Department of Public Safety and Corrections, which is not a court and cannot sentence. Petitioner challenges his release on "good time parole," his subsequent arrest and parole revocation, and its effects on his current detention.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## LAW AND ANALYSIS

Petitioner claims that his arrest for absconding was illegal and unconstitutional because he was not "on parole." He claims that in order to be subjected to a condition of parole, there would have to be sentencing minutes verifying that as part of his sentence. [Doc. #1-1, p.3] Petitioner was sentenced to thirty years without the possibility of parole. Thus, Petitioner believes that his early release could not legally have been "on parole."

Effective July 1, 1982, when a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to La. R.S. 15:571.5(A)(1), he shall be released *as if on parole*. Specifically, La. R.S. 15:571.5 provides:

- A. (1) When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, *he shall be released as if released on parole*.
  (2) At least three months prior to the anticipated release due to diminution of sentence, the secretary of the department shall notify the parole board and provide such information as is necessary to allow the board to establish such conditions... as may be reasonably necessary to facilitate supervision....
- B. (1) Before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. These conditions shall be explained to the prisoner and the prisoner shall agree in writing to such conditions prior to his release date.
  (2) The person released because of diminution of sentence

3

> pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. *If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.*
> C. *If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term.* (emphasis added)

Petitioner's early release, prior to the expiration of his full term release date, was pursuant to this statutory scheme. Therefore, when released, petitioner was released "as if released on parole," and he was subject to supervision "... in the same manner and to the same extent as if he were released on parole...." Petitioner had a choice; that is, he could chose to serve out his full term of imprisonment without parole, or he could chose early release conditioned upon compliance with the terms of his release for diminution of sentence under La. R.S. 15:571.5. See, Bancroft v. Louisiana Department of Corrections, 635 So.2d 738 (La.App. 1st Cir.1994)(holding that an inmate did not sign parole conditions release form under "duress," even though such signing was a prerequisite to his release from custody, but rather, he chose early condition release over the option of serving the remainder of his sentence, and further holding that upon revocation being recommitted to the DOC for the remainder of his original full term which was without the benefit of parole did not amount to his being subjected to more onerous punishment); see also Malava v. State of

4

Louisiana, Dept. of Public Safety, 2001 WL 630472 (E.D.La.,2001).

To the extent Plaintiff claims that he was "resentenced" by the parole board in violation of the Double Jeopardy Clause, his claim is without merit. The Fifth Amendmnet's Double Jeopardy Clause protects against multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969). It is well-settled that post-revocation sanctions, such as a sentence imposed following the revocation of probation, are not "punishment" but rather part of the penalty for the original conviction. Johnson v. United States, 529 U.S. 694, 700 (2000); U.S. v. DiFrancesco, 449 U.S. 117, 137 (1980); see also U.S. v. Dees, 467 F.3d 847, 853-54 (3rd Cir. 2006), cert. denied, 128 S.Ct. 52 (2007); U.S. v. Clark, 984 F.2d 319, 321 (9th Cir. 1993).

Moreover, federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief whether he seeks relief pursuant to 28 U.S.C. § 2241 or § 2254. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Since petitioner seeks a speedier release from custody and since habeas corpus is his sole

remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies. A review of the presumptively reliable published jurisprudence of the State of Louisiana establishes that petitioner has not litigated his current claims before the Louisiana Supreme Court. As such, his claim is not fully exhausted.

## Conclusion

For the forgoing reasons it is recommended that the petition for writ of habeas corpus be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United

<u>Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED, in Chambers at Alexandria, Louisiana, this 6th day of November, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE